# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
JOZEL JOSEPH-MORGAN

                              Plaintiff(s),

      -against-

BJ'S WHOLESALE CLUB INC. AND RPAI PELHAM MANOR, L.C,

                             Defendant(s).
------------------------------------------------------------------------X

**SUMMONS**

Index No.:
Date Purchased
Plaintiff designates
KINGS
County as the place of trial.
The basis of venue is:
Plaintiff's residence

County of KINGS

To the above named defendant(s):

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       June 14, 2021

**PETER MAY, ESQ.**
SUBIN ASSOCIATES LLP
Attorneys for Plaintiff
Address and Telephone Number
150 Broadway – 23rd Floor
New York, New York  10038
(212) 285-3800
File No.: 31053

Defendants Address:

BJ's Wholesale Club Inc.
825 Pelham Parkway
Pelham, NY 10803

RPAI Pelham Manor, L.L.C.
28 Liberty Street
New York, NY 10005

FILE #: 31053

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
JOZEL JOSEPH-MORGAN

                                                                                                    **VERIFIED COMPLAINT**

                    Plaintiff(s),

        -against-

BJ'S WHOLESALE CLUB INC. AND RPAI PELHAM
MANOR, LLC,

                    Defendant(s).
-----------------------------------------------------------------X

Plaintiff, **JOZEL JOSEPH-MORGAN**, complaining of the defendant(s) by attorney, **SUBIN ASSOCIATES LLP**, upon information and belief, respectfully allege(s):

1. That at all the times herein mentioned, the defendant, BJ's WHOLESALE CLUB INC. was and still is a corporation doing business in the State of New York.

2. That at all the times herein mentioned, the defendant, BJ's WHOLESALE CLUB INC. was a partnership duly organized and existing under the laws of the State of New York.

3. That at all the times herein mentioned, the defendant, BJ's WHOLESALE CLUB INC. was a partnership transacting business in New York.

4. That at all the times herein mentioned, the defendant, BJ's WHOLESALE CLUB INC., was the owner of the premises located at 825 Pelham Pkwy, Pelham, New York.

5. That at all the times herein mentioned, the defendant, BJ's WHOLESALE CLUB INC., its agents, servants and/or employees operated the aforementioned premises.

6. That at all the times herein mentioned, the defendant, BJ's WHOLESALE CLUB INC., its, its agents, servants and/or employees maintained the aforementioned premises.

7. That at all the times herein mentioned, the defendant, BJ's WHOLESALE CLUB INC., its agents, servants and/or employees managed the aforementioned premises.

8. That at all the times herein mentioned, the defendant, WHOLESALE CLUB INC., its agents, servants and/or employees controlled the aforementioned premises.

9. That at all the times herein mentioned, the defendant, RPAI PELHAM MANOR, LLC, was and still is a corporation doing business in the State of New York.

10. That at all the times herein mentioned, the defendant, RPAI PELHAM MANOR, LLC, was a partnership duly organized and existing under the laws of the State of New York.

11. That at all the times herein mentioned, the defendant, RPAI PELHAM MANOR, LLC, was a partnership transacting business in New York.

12. That at all the times herein mentioned, the defendant, RPAI PELHAM MANOR, LLC, was the owner of the premises located at 825 Pelham Parkway, Pelham, New York.

13. That at all the times herein mentioned, the defendant, RPAI PELHAM MANOR, LLC, its agents, servants and/or employees operated the aforementioned premises.

14. That at all the times herein mentioned, the defendant, RPAI PELHAM MANOR, LLC, its agents, servants and/or employees maintained the aforementioned premises.

15. That at all the times herein mentioned, the defendant, RPAI PELHAM MANOR, LLC, its agents, servants and/or employees managed the aforementioned premises.

16. That at all the times herein mentioned, the defendant, RPAI PELHAM MANOR, LLC, its agents, servants and/or employees controlled the aforementioned premises.

17. That at all the times herein mentioned, the defendants, their agents, servants and/or employees, represented to the plaintiff and to the public by advertisements and/or statements on, through and/or in television, radio, newspapers, stationery, magazines, the internet, travel

brochures, postcards, travel agents, phonebooks, and/or otherwise and/or through their sales and marketing staff that the defendants operated a supermarket merchandise/shopping business at said premises.

18. That at all the times herein mentioned, the plaintiff's reliance on the defendants' aforementioned representations caused and/or induced the plaintiff to become a customer of the defendants' supermarket.

19. That at all the times herein mentioned, the plaintiff relied upon the defendants' aforementioned representations to shop and to become a customer/patron at the defendant's supermarket, merchandise/shopping business.

20. That at all the times herein mentioned, the defendants, their agents, servants and/or employees stacked items on shelves for the shopping convenience of the shopping public and for the plaintiff in particular.

21. That at all the times herein mentioned, it was the duty of the defendant(s), their agents, servants and/or employees to keep and maintain said premises in a reasonable state of repair and in a good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

22. That at all the times herein mentioned, the plaintiff was lawfully upon the aforesaid premises.

23. That on or about 08/02/2018, while plaintiff was lawfully shopping in the aforementioned premises, plaintiff was struck by falling items and caused to be injured by reason of the negligence, willful, wanton and gross negligence, carelessness and want of proper care of the defendant(s), their agents, servants and/or employees.

24. That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence, willful, wanton and

gross negligence of the defendants, agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said premises, particularly the stacked items on shelves to be, become and remain in a dangerous, precarious and/or structurally defective, hazardous, unsafe, uneven, loose condition; in allowing and permitting stacked items on said shelves to be and remain in such a precarious, loose state for such a long and unreasonable length of time so as to cause injuries to the plaintiff; in failing to repair and in improperly securing said stacked items; in creating and maintaining a menace, hazard, nuisance and trap threat; in failing to properly maintain said premises and in improperly maintaining said premises; and in generally being negligent and reckless in the premises; all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises. Plaintiff further relies upon the doctrine of Res Ipsa Loquitur.

25. That this action falls within one or more of the exceptions set forth in CPLR 1602.

26. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage, both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court.

27. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

**WHEREFORE**, the plaintiff(s) demands judgment against the defendants on the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court, together with the costs and disbursements of each cause of action.

DATED:   New York, New York
         June 14, 2021

                                    Yours, etc.

                                    _____
                                    **PETER MAY, ESQ.**
                                    SUBIN ASSOCIATES, LLP
                                    Attorneys for Plaintiffs
                                    150 Broadway
                                    New York, New York 10038

STATE OF NEW YORK )
                               ) ss:
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
        June 14, 2021

                                                                          **PETER MAY, ESQ.**

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
JOZEL JOSEPH-MORGAN

         Plaintiff(s),

   -against-

BJ'S WHOLESALE CLUB INC. AND RPAI PELHAM MANOR, L.C,

         Defendant(s).
------------------------------------------------------------------------X

====================================================

**SUMMONS AND VERIFIED COMPLAINT**

====================================================

SUBIN ASSOCIATES, LLP
Attorney(s) for Plaintiff(s)
Address and Telephone Number
150 Broadway 23 Floor
New York, New York 10007
(212) 285-3800
File No.: 31053